STATE OF NORTH CAROLINA EX REL UTILITIES COMMISSION; NORTH CAROLINA TEXTILE MANUFACTURERS ASSOCIATION, INC.; THE CITY OF DURHAM; NORTH CAROLINA OIL JOBBERS ASSOCIATION; JOSEPH L. BERRY; ROBERT AREY; GREAT LAKES CARBON CORPORATION; DUKE UNIVERSITY; HOUSTON V. BLAIR; BETTY MAJETT; AND ROBERT MORGAN, ATTORNEY GENERAL v. DUKE POWER COMPANY

No. 7410UC116

(Filed 6 March 1974)

Utilities Commission § 4— power company — general rate increase
   Order of the Utilities Commission allowing a power company to increase its rates is affirmed where the findings of the Commission are supported by competent evidence and the rates fixed by the Commission were established as provided by statute.

   Judge PARKER dissenting.

APPEAL by Duke Power Company from an order of the North Carolina Utilities Commission entered on 21 June 1973 in Docket No. E-7, Sub 145.

This is a general rate case initiated by Duke Power Company in an application seeking approval of proposed changes in its rate structure. Others named in the title of the case were allowed to intervene and become parties to the proceeding. On

21 June 1973, the Commission issued its final order which, among other things, allowed approximately seventy-two percent of the proposed increase. Duke Power Company appealed.

*Edward B. Hipp, Commission Attorney, and John R. Molm, Associate Commission Attorney, for the North Carolina Utilities Commission; Claude V. Jones, attorney for the City of Durham; Boyd, Byrd, Ervin & Blanton by Robert B. Byrd, for Great Lakes Carbon Corporation; Attorney General Robert Morgan by I. Beverly Lake, Jr., Assistant Attorney General and Robert P. Gruber, Associate Attorney, for the State.*

*William H. Grigg, Steve C. Griffith, Jr., Clarence W. Walker and John M. Murchison, Jr., for defendant appellant, Duke Power Company.*

VAUGHN, Judge.

The Courts are not authorized to fix rates for a public utility. That responsibility lies with the Utilities Commission. The findings of the Commission, when supported by competent evidence, are conclusive. This court may not substitute its judgment for that of the Commission even when it is of the opinion that the rate of return authorized by the Commission is inadequate.

After a review of the record, we are of the opinion that the findings of the Commission in this case are supported by substantial evidence and that the rates fixed by the Commission were established as provided by statute.

Affirmed.

Judge BRITT concurs.

Judge PARKER dissents.

Judge PARKER dissenting:

The record in this case, as in case No. 7410UC140 decided this day, indicates to me that the Commission made its determination as to fair rate of return on the basis of book value rather than on the basis of the fair value of the utility's property. As in case No. 7410UC140, I would remand this proceeding with direction that the Commission fix the rate of return on fair value as required by G.S. 62-133 (b) (4).